UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEANTE′ TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:14-CV-372-TLS |
| | ) |
| STATE OF INDIANA, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Deante′ Taylor, a plaintiff proceeding pro se, filed a Complaint Under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Taylor first asserts that the State of Indiana violated his right to a speedy trial in an underlying state criminal case. He complains that he requested a speedy trial and his trial was scheduled to begin on January 15, 2014. However, the State of Indiana sought and received a continuance until March 18, 2014. Then, the State of Indiana failed to attend the scheduled March 18, 2014, trial date, causing further delay. Based on this delay, Taylor seeks $20,000,000 and a "clean criminal record." (Compl. 3, ECF No. 1.) Such a claim for money damages cannot be maintained against the State of Indiana, as it is entitled to Eleventh Amendment immunity from a damages suit. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). Moreover, to the extent Taylor is attempting to have his conviction invalidated or otherwise obtain release from prison, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Therefore, the State of Indiana cannot be maintained as a defendant and must be dismissed without prejudice from this case.

Taylor next brings a claim against Allen County for unlawfully incarcerating him in the Allen County Jail. However, Allen County is not a proper defendant for such a claim. In Indiana, the administration of a county jail falls to the county sheriff and "county sheriffs occupy a constitutionally-created office that is separate from the county executive." *Waldrip v. Waldrip*, 976 N.E.2d 102, 119 (Ind. Ct. App. 2012) (citation omitted). As a result, any claim of unlawful imprisonment at the Allen County Jail could only be stated against the Allen County Sheriff. *Id.* (citation omitted). Moreover, even if Taylor could name a proper defendant in connection with

this claim it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because it rests on a presumption that the charges against him are invalid. Taylor cannot purse a claim for damages for unlawful incarceration unless and until the state criminal charges are terminated in his favor. *Heck*, 512 U.S. at 486–87. Therefore, Allen County is not a proper defendant and must be dismissed without prejudice from this case.

Finally, Taylor brings suit against the Allen County Jail notary for restricting his access to the courts. Taylor alleges that the notary did not allow him to receive legal materials[1], which precluded him from "filing Superior Court complaint forms [and] to get consent for suit." (Compl. 2.) Inmates have a First Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But "only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted).

Here, the Complaint lacks sufficient facts to adequately plead that Taylor has been denied meaningful access to the courts. Taylor has not identified what documents he tried to obtain from the law library. Nor has Taylor identified what type of lawsuit he was attempting to pursue.

---

[1]Although inmates have a First Amendment right of access to the courts, there is no "abstract free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

3

Taylor has also not described how the notary interfered with his efforts to obtain documents or access the courts. Lastly, Taylor does not explain whether the notary's actions barred him from ever filing his desired suit or merely delayed his ability to file suit. Because this Complaint is vague, Taylor will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, Taylor needs to sets forth his claim against the Allen County notary in sufficient detail and address the deficiencies raised in this order. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the Court:

(1) **DIRECTS** the Clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to the Plaintiff;

(2) **GRANTS** the Plaintiff until March 13, 2015, to file an amended complaint; and

(3) **CAUTIONS** the Plaintiff that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 30, 2015.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT