UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEANTEʹ TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:14-CV-372-TLS |
| | ) |
| STATE OF INDIANA, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Deanteʹ Taylor, proceeding pro se, filed an Amended Complaint Under 42 U.S.C. § 1983 [ECF No. 11]. Pursuant to 28 U.S.C. § 1915A, the court must review this prisoner complaint.

In his original complaint, Taylor brought suit alleging: (1) the State of Indiana violated his right to a speedy trial in an underlying state criminal case; (2) Allen County unlawfully incarcerated him in the Allen County Jail; and (3) the Allen County Jail notary denied him legal materials. The Court screened that complaint pursuant to 28 U.S.C. § 1915A, and explained that the complaint did not state a claim for which relief could be granted. (Opinion & Order, ECF No. 10.)

The Court informed Taylor that a claim for money damages could not be maintained against the State of Indiana, as it was entitled to Eleventh Amendment immunity from a damages suit. *Kashani v. Purdue Univ.*, 813 F.2d. 843, 845 (7th Cir. 1987). And, to the extent Taylor was attempting to have his conviction invalidated or otherwise obtain release from prison, the Court advised that he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996

(AEDPA). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

The Court also informed Taylor that Allen County was not a proper defendant for an unlawful incarceration claim because, in Indiana, the administration of a county jail falls to the county sheriff and "county sheriffs occupy a constitutionally-created office that is separate from the county executive." *Waldrip v. Waldrip*, 976 N.E.2d 102, 119 (Ind. Ct. App. 2012) (citation omitted). Moreover, as the Court explained, even if Taylor could name a proper defendant in connection with this claim it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because it rested on a presumption that the charges against him were invalid. Taylor was told he could not pursue a claim for damages for unlawful incarceration unless and until the state criminal charges were terminated in his favor. *Id.* at 486–87.

As to his claim against the Allen County Jail Notary, the Opinion and Order stated that, although inmates have a First Amendment right of access to the courts, there is no "abstract free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The Court explained that the complaint lacked sufficient facts to adequately plead that Taylor has been denied meaningful access to the courts.

Although Taylor's complaint did not state a claim, the Court granted him leave to file an amended complaint pursuant to *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Taylor has now filed an amended complaint. However, despite being told that his original complaint did not

2

state a claim, Taylor's amended complaint essentially repeats the same allegations as his original. In fact, the only difference is that he now names Allen County as a defendant in the denial of legal materials claim instead of the Allen County Jail notary. Despite this change, Taylor still wholly fails to explain how Allen County denied him any meaningful access to the courts.

For these reasons, as well as those explained in this Court's March 30, 2015, Opinion and Order [ECF No. 10], the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED on April 6, 2015.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT<br>
FORT WAYNE DIVISION